## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACQUELINE MALDONADO | Case No.: 23-10271 |
| Plaintiff, | |
| v. | **COMPLAINT FOR DIRECT AND SECONDARY COPYRIGHT INFRINGEMENT** |
| SAFAVIEH INTL LLC, SAFAVIEH, INC., SAFAVIEH CARPETS, INC., SAFAVIEH HOME LLC, SAFAVIEH GROUP LLC, DECOR MARKET LLC, DECORE MARCHE LLC, HOME TRENDS LLC,  LUXE LIVING SHOP LLC d/b/a LUXE LIVING, PAUL NG d/b/a PACIFIC RUG AND HOME, MARYAM K. YARAGHI, and DOES 1-10 | **JURY TRIAL DEMANDED** |

Plaintiff, JACQUELINE MALDONADO ("Plaintiff"), by and through her undersigned

counsel, complain against Defendants SAFAVIEH INTL LLC, ("Safavieh Intl"), SAFAVIEH,

INC., ("Safavieh Inc."), SAFAVIEH CARPETS, INC., ("Safavieh Carpets"), SAFAVIEH HOME

LLC ("Safavieh Home"), SAFAVIEH GROUP LLC ("Safavieh Group") (Safavieh Intl, Safavieh

Inc., Safavieh Carpets, Safavieh Home, and Safavieh Group, are collectively referred to herein as

"Safavieh Defendants"), DECOR MARKET LLC ("Decor Market"), DECORE MARCHE LLC

("Decore Marche"), HOME TRENDS LLC, ("Home Trends"),  LUXE LIVING SHOP LLC d/b/a

LUXE LIVING ("Luxe Living"), PAUL NG d/b/a PACIFIC RUG AND HOME ("Ng"),

MARYAM K. YARAGHI ("Maryam Yaraghi"), DOES 1-10, (collectively, "Defendants"), as

follows:

## INTRODUCTION

1.    This action has been filed by Plaintiff to address Defendants' widespread infringing activity of Plaintiff's artwork titled "Lighthearted" (the "Subject Work"). Defendants, and each of them, commercially promote, advertise, distribute, offer to sell, and/or sell rugs bearing virtually identical copies of the Subject Work (the "Infringing Rugs").  Each Defendant is unlawfully offering for sale, selling, and/or displaying the Infringing Rugs, at the very least, on their respective websites and e-commerce storefronts, as well as through third-party retail partners. Despite notice of their infringing activity, many of the Defendants continue to offer for sale the Infringing Rugs, or otherwise continue to display the Infringing Rugs. Defendants' infringing acts have damaged Plaintiff and threatens to damage it further. Plaintiff seeks injunctive relief, declaratory relief, and damages for the full amount of Plaintiff's losses, as well as Defendants' profits, or if elected, statutory damages, as well as attorneys' fees, and costs pursuant to 17 U.S.C. §§ 504(c) and 505.

## THE PARTIES

2.    Plaintiff is an individual domiciled and residing in the State of New York

3.    Plaintiff is the author of the Subject Work, as well as the owner of all copyrights thereto.

4.    Upon information and belief, Defendant Safavieh Intl is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in New York, New York.

5.    Upon information and belief, Defendant Safavieh Inc. is a corporation formed and existing under the laws of the State of New York, having an office and principal place of business in Port Washington, New York.

6.     Upon information and belief Defendant Safavieh Carpets is a corporation formed and existing under the laws of the State of New York, having an office and principal place of business in Port Washington, New York.

7.     Upon information and belief Defendant Safavieh Home is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in Port Washington, New York.

8.     Upon information and belief Defendant Safavieh Group is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in Port Washington, New York.

9.     Upon information and belief, Defendant Decor Market is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in Port Washington, New York.

10.     Upon information and belief, Defendant Decor Marche is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in Mill Neck, New York.

11.     Upon information and belief, Defendant Home Trends is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in Port Washington, New York.

12.     Upon information and belief, Defendant Luxe Living is a limited liability company formed and existing under the laws of the State of New York, having an office and principal place of business in Mill Neck, New York.

13.     Upon information and belief, Defendant Ng is an individual residing in New Hyde Park, New York.

14.     Upon information and belief, Defendant Maryam Yaraghi is an individual residing in Mill Neck, New York.

15.     At all relevant times, one or more of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of one or more of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; said Defendants actively participated in or subsequently ratified and/or adopted, each and all of the acts or conduct alleged, with knowledge of all the facts and circumstances, including but not limited to, knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

16.     Upon information and belief, and at all relevant times, that Defendants DOES 1 through 10, inclusive, are other are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, are vicariously liable for the conduct alleged herein, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendant DOES 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

## JURISDICTION AND VENUE

17.     This is an action for copyright infringement arising under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended).

18.     This Court has subject matter jurisdiction over Plaintiffs' copyright infringement claims under the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.* as amended) and 28 U.S.C. §§ 1331 and 1338.

19.     Venue is proper in this district under 28 U.S.C. §1391(b)(1) as one of the Defendants resides in this district and all Defendants are residents of the State of New York. Alternatively, venue is proper in this district under 28 U.S.C. §1391(b)(2) as this is the district in in which a substantial part of the acts and omissions giving rise to the claims occurred.

20.     Personal jurisdiction exists over Defendants because Defendants, and each of them, are domiciled in New York, or otherwise have continuous and systematic contacts within New York.

## PLAINTIFF'S WORK OF ART

21.     Plaintiff maintains a distinguished career as a professional artist and surface pattern designer, accumulating over a decade of expertise, with a particular focus on watercolor design. Her artistic prowess is a testament to her creative abilities and judgement that has garnered widespread recognition. Her artwork have been published in art and design publications, popular magazines, and have been featured on home improvement and design television programs. Additionally, prestigious lifestyle blogs have taken note, dedicating features to the plaintiff's unique works of art.

22.     Plaintiff is also a highly sought-after designer for major corporations, such as Popsockets, TJX, and Starbucks, which have enlisted her talents to craft bespoke designs. Plaintiff's success also extends globally, as her creations adorn products retailed by renowned international giants, including but not limited to Bloomingdales, Nordstrom Rack, Urban Outfitters, Macy's, and Anthropologie. This widespread presence underscores the universal appeal and commercial success of her artistic endeavors.

23.     In 2014, and prior to the conduct complained of herein, Plaintiff authored the Subject Work, an original two-dimensional artwork. Directly below is a true and accurate copy of the Subject Work:



24.     The U.S. Copyright Office issued Copyright Registration No. VA-2-252-083. A true and correct copy of the Copyright Registration is annexed hereto as **EXHIBIT A**.

25.     The genesis of the Subject Work commenced with Plaintiff's hand painting in watercolor, driven by the intention to craft a unique piece distinct from artworks typically incorporating polka-dots and dotted patterns. In a departure from conventional approaches where

dotted elements are uniform in size, shape, and placement, Plaintiff applied discerning aesthetic judgment and creativity to introduce variations in size, shape, color, and placement within the Subject Work. This deliberate choice was made to set the Subject Work apart from its counterparts, creating a dynamic visual experience that captivates the viewer's attention and guides their gaze intricately throughout the Subject Work.

26.     Throughout the painting process, Plaintiff infused her artistic acumen and skills to evoke a sense of unrestrained joy and celebration, and the title of the Subject Work encapsulates the essence of the emotions that guided Plaintiff in crafting each individual element, and the work as a cohesive whole.

27.     Following the conclusion of the painting process, Plaintiff digitally scanned the finished product and replicated the pattern through the utilization of image editing software, resulting in the creation of a seamless and patterned design. Furthermore, Plaintiff meticulously fine-tuned the color balance by integrating multiple color adjustment layers. This careful adjustment process ensured that each individual hue accurately conveyed Plaintiff's intended meaning for the Subject Work, attaining a precise alignment with her artistic vision.

28.     Plaintiff authored, original elements of expression, including, but not limited to: (a) the size and shape of each and every element; (b) the placement of all the elements within the design, including the overlapping of specific spots; (c) the size and shape of the negative space between each element; (d) the specific and original pattern created by the placement of the elements and use of negative space.

29.     Plaintiff also provided further original contributions in the selection, coordination, and/or arrangement of elements, including, but not limited to: (a) the selection of colors, (b) the selection of various and specific abstract shapes as the dominant elements; (c) coordination of all

of the design elements in a specific color palette over a neutral background; (d) arranging design elements and colors to create original and highly specific collections/clusters of elements; (e) arranging all of the design elements and colors into an original cohesive pattern.

30.     Since its creation, the Subject Work has been widely disseminated, at the very least, through the fact that it has been readily available on the market.

31.     The Subject Work is currently available on Plaintiff's own website, Society6.com, iCanvas.com, Wayfair.com, Redbubble.com, Etsy.com, Shutterfly.com, and other websites, where individuals can access, view, and/or purchase products bearing the Subject Work.

**DEFENDANTS AND THEIR INFRINGING CONDUCT**

32.     Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

33.     The Safavieh Defendants, by and through the Safavieh brand name, are in the business of designing, manufacturing, and distributing home furnishings, including the Infringing Rugs.

34.     One or more of the Safavieh Defendants was/were directly responsible for designing, manufacturing, offering for sale, selling, and/or distributing the Infringing Rug Design and the Infringing Rugs themselves.

35.     Upon information and belief, Defendants Decor Market, Decor Marche, Home Trends, and Luxe Living are each integral components of an intricate web of entities that are controlled/operated by one or more of the Safavieh Defendants

36.      Defendants Decor Market, Decor Marche, Home Trends, and Luxe Living market Safavieh Defendants' products, including the Infringing Rugs, through their respective websites and/or e-commerce storefronts with the intent of portraying Safavieh Defendant's products as

readily accessible while enhancing the online visibility of Safavieh branded products, thereby contributing to the prominence of the Safavieh brand name.

37.     Upon information and belief, Defendants Decor Market, Decor Marche, Home Trends, and Luxe Living, and each of them, are so dominated by one or more of the Safavieh Defendants that they are merely a shell, instrumentality, or alter-ego for one or more of the Safavieh Defendants.

38.     Upon information and belief, Defendants Decor Market, Decor Marche, Home Trends, and Luxe Living, and each of them, (a) are operated by family members of Safavieh Defendants' principals, owners, directors, and/or officers; (b) are operated by the same individuals that are the principals, owners, directors, and/or officers of one or more of the Safavieh Defendants; (c) share common office space, addresses, etc., with one or more of the Safavieh Defendants; (d) exert minimal to no business discretion over the choice of which products they offer for sale, and/or (e) use intellectual property belonging to, or allegedly belonging to the Safavieh Defendants.

39.     Upon information and belief, fact discovery will show further information that will demonstrate that Defendants Decor Market, Decor Marche, Home Trends, and Luxe Living, and each of them, are merely alter-egos for one or more of the Safavieh Defendants.

40.     Alternatively, Safavieh Defendants, as the original producers/creators of the infringing design on the Infringing Rugs (the "Infringing Rug Design"), distributed the Infringing Rug Design to Decor Market, Decor Marche, Home Trends, and Luxe Living so that Decor Market, Decor Marche, Home Trends, and Luxe Living each list the Infringing Rug Design and the Infringing Rugs on their respective websites and e-commerce storefronts.

41.     Upon information and belief, Defendant Ng is an employee, officer, and/or director of one or more of the Safavieh Defendants and is the head of the Safavieh Defendants' internet sales channels.

42.     Defendant Ng also operates and manages an Amazon storefront under the name "Pacific Rug and Home" and sells Safavieh branded products through the Amazon storefront.

43.     Ng is listed as the true "business name" of the Pacific Rug and Home Amazon Storefront and therefore is the owner and/or operator of the Pacific Rug and Home Amazon Storefront.

44.     Upon information and belief, Defendant Ng personally participated in the creation, publication, and display of the Amazon listings containing the Infringing Rugs.

45.     Upon information and belief, Defendant Ng accessed the Subject Work, the Infringing Rug Design, and Safavieh Defendants' product images by virtue of his access to Safavieh Defendants' servers/hard drives which contained the Subject Work, the Infringing Rug Design, and/or the product images.

46.     Defendants Decor Market, Decor Marche, Home Trends, Luxe Living, and Ng, and each of them, directly sold, offered for sale, reproduced, distributed, and/or displayed the Infringing Rugs on their respective websites and/or e-commerce storefronts.

47.     On the following page is a comparison of the Subject Work (left) with exemplars of the Infringing Rug Design, as well as the Infringing Rugs themselves (right):



48.    The below comparison highlights four, exemplar, clusters of elements within the Infringing Rug Design, containing identical placement, arrangement, size, and shape of the corresponding elements of the Subject Work.



49.    The above comparison also demonstrates that each specific element within the Infringing Rug Design incorporates the same color palette/scheme selection as was employed in the Subject Work, e.g., expression of the exact same pink element as a shade of pink, the orange elements as a shade of orange, red elements as a shade red, etc.

50.    Below is another exemplar comparison magnifying the bottom left corner of both works, demonstrating the identical placement, arrangement, size, and shape of the corresponding

elements of the Subject Work, including the overlapping of the same exact elements in the same

exact manner:

 

51.    Additionally, directly below is an image wherein the Subject work was

superimposed over the Infringing Rug Design, and set to 50% opacity so that both are equally

visible. This overlay firmly demonstrates that the abstract design incorporated on the Infringing

Rugs is an identical or virtually identical copy of the Subject Work:



52.     In sum, the above comparisons make apparent that the entirety of the Subject Work, including the selection, coordination, and arrangement of elements, and the overall appearance of the Subject Work has been misappropriated and incorporated into the Infringing Rug Design and the Infringing Rugs, themselves.

53.     Despite notice of Plaintiff's copyrights to the Subject Work, and as of the time of filing the instant Complaint, Safavieh Defendants continue to sell, offer for sale, and/or display the Infringing Rugs/Infringing Rug Designs on multiple websites, including, but not limited to, Amazon.com, Wayfair.com, and ShopPremiumOutlets.com.

54.     Upon information and belief, and as of the time of filing the instant Complaint, Defendants Decor Market, Decor Marche, Home Trends, Luxe Living, Ng, and Maryam Yaraghi knew, or had reason to know of Plaintiff's notice of infringement to her copyrights to the Subject Work, yet continue to sell, offer for sale, and/or display the Infringing Rugs/Infringing Rug Designs on their websites and/or e-commerce storefronts on Amazon.com.

## COUNT I
### (COPYRIGHT INFRINGEMENT – 17 U.S.C. §101, et seq. - Against All Defendants and Each)

55.     Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

56.     Plaintiff is the sole owner of the Subject Work and holds a valid copyright registration accordance with the United States Copyright Act.

57.     The Subject Work is copyrightable subject matter under 17 U.S.C. §102(a).

58.     Plaintiff has complied in all respects with the provisions and requirements of the Copyright Act.

59. Plaintiff registered the copyrights in and to the Subject Work with the United States Copyright Office prior to the acts complained of herein.

60. Plaintiff has exclusive rights under 17 U.S.C. §106 to reproduce, prepare derivative works of, distribute copies of, and publicly display the Subject Work.

61. Upon information and belief, Defendants, and each of them, accessed the Subject Work through (a) viewing and accessing Plaintiff's online portfolio; (b) viewing and/or purchasing licensed exploitations of the Subject Work; (c) viewing and/or downloading illegally reproduced, imported, and/or distributed copies of the Subject Work by third parties; and/or (d) through the acts of one or more of the co-Defendants, as described herein.

62. Upon information and belief, one or more of the Defendants, through their ongoing business relationship and/or affiliation, supplied the Infringing Rug Design and/or the Infringing Rugs to one or more of the other Defendants.

63. Access to the Subject Work is inferred from the fact that the Subject Work was widely disseminated as the Subject Work was readily available on the market.

64. Access is also established by the striking similarity and/or identicality between the Subject Work and the artwork exploited by Defendants, precluding any possibility of independent creation.

65. As detailed *supra.,* the Infringing Rug Design is identical to the Subject Work as it copies the Subject Work or is otherwise virtually identical, but for trivial alterations.

66. The Infringing Rug Design consists of individual features, that when taken together, evinces the same total concept and overall feel as the Subject Work.

67. Defendants, and each of them, have infringed Plaintiff's rights by copying the Subject Work and reproducing it onto the Infringing Rugs, creating an unauthorized derivative

design featuring the Subject Work, i.e., the Infringing Rug Design, displaying the Infringing Rugs and the Infringing Rug Designs, offering the Infringing Rugs for sale, and/or distributing Infringing Rugs to consumers and non-party businesses.

68.     Defendants, and each of them, were directly involved in the reproduction, distribution, display, adaptation, and/or creation of a derivative work, using the Subject Work.

69.     Due to Defendants' acts of copyright infringement as alleged herein, Plaintiff has suffered damages in an amount to be established at trial, including without limitation lost profits, royalties, and a diminution in the value of the misappropriated work.

70.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Work.  As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Work, in an amount to be established at trial.

71.     Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were willful, reckless, malicious, and in blatant disregard of Plaintiff's rights. Such willfulness provides the basis on which Plaintiff seeks additional forms of relief.

72.     In the alternative, Plaintiff claims statutory damages under 17 U.S.C. §504(c)(1) for Defendants' negligent unauthorized use and copyright infringement.

73.     Plaintiffs claim all damages and remedies available under 17 U.S.C. §§504 and 505.

## COUNT II
## (SECONDARY COPYRIGHT INFRINGEMENT – against
## Safavieh Defendants)

74.     Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

75.     The Safavieh Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal use of the Subject Work, as alleged herein.

76.     The Safavieh Defendants are vicariously liable for the direct infringement alleged herein because they had a right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

77.     The Safavieh Defendants knew, or should have known, that the Infringing Rug Design was entirely based on the Subject Work.

78.     Based on Safavieh Defendant's experience with copyright litigation, their own statements concerning the scope and breadth of their licensing program, as well as their own corporate policies concerning intellectual property, the Safavieh Defendants knew, or should have known, that they did not create the Subject Work and that it was not licensed.

79.     The Safavieh Defendants knew, or should have known, that the Infringing Rug Design infringed upon Plaintiff's rights to the Subject Work  and nevertheless induced one or more of the co-defendants, as well as non-party businesses, into directly offering for sale and selling the Infringing Rugs.

80.      By providing the product photographs, descriptions, and the Infringing Rug Design itself to one or more of the co-defendants, as well as other non-party businesses, Safavieh Defendants participated in, encouraged, caused, or otherwise assisted in the direct infringement of the Subject Work.

81.     The Safavieh Defendants have full control over the content and materials appearing in product listings on co-defendants websites, storefronts, and on third party websites.

82.     The Safavieh Defendants maintain a right and practical ability to stop or limit the direct infringement on co-defendants websites, storefronts, and on third party websites, yet declined to do so, namely that (a) Savafieh Defendants did not inform one or more of the co-defendants, as well as other non-parties, that the Infringing Rug Design was an infringing design and/or (b) upon notice of infringement from Plaintiff, Savafieh Defendants did not inform one or more of the co-defendants, as well as other non-parties, to stop the display, offering for sale, and sale of the Infringing Rugs

83.     Safavieh Defendants have an obvious and direct financial interest in the sale of the Infringing Rugs by co-defendants and other non-parties.

84.     The public display of the Infringing Rug Design by third parties serves as a magnet, drawing in potential consumers to purchase the Infringing Rug. This not only enhances the overall value of the Safavieh brand but also, and based upon information and belief, entices potential consumers to explore other Safavieh products featured on the same webpage as the Infringing Rugs. Consequently, this causes heightened revenues from the sale of additional products.

85.     Due to Safavieh Defendants' acts of copyright infringement as alleged herein, Safavieh Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for the infringement of the Subject Work.  As such, Plaintiff is entitled to disgorgement of Safavieh Defendants profits directly and indirectly attributable to Safavieh Defendants infringement of Plaintiff's' rights in the Subject Work, in an amount to be established at trial.

86.     Upon information and belief, Safavieh Defendants have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Safavieh Defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement.  Within the time permitted by law, Plaintiff will make her election between actual damages and statutory damages.

87.     Plaintiff claims all damages and remedies available under 17 U.S.C. §§504 and 505.

## COUNT III
### (SECONDARY COPYRIGHT INFRINGEMENT – against Defendant Maryam Yaraghi)

88.     Plaintiff repeats, realleges, and incorporates the allegations contained in the preceding paragraphs of this Complaint as if fully set forth herein.

89.     Maryam Yaraghi is listed as the true "business name" of the Decor Marche Amazon Storefront, with the natural implication that Maryam Yaraghi is the true owner and/or operator of the Decor Marche Amazon Storefront.

90.     Maryam Yaraghi personally and directly participated in the unlicensed copying, reproduction, distribution, and display of the Infringing Rugs by creating the Decor Marche storefront on Amazon.com and publishing the listings containing the Infringing Rug for sale.

91.     Maryam Yaraghi, alternatively, is vicariously liable for the acts of Decor Marche as she maintains sole and exclusive control, management, operation, of Decor Marche, or alternatively, primary responsibility for the control, management, operation, and maintenance of Decor Marche.

92.     Maryam Yaraghi, as the sole shareholder and corporate officer, exercised control over the Decor Marche Amazon storefront, including the product listings containing the Infringing Rugs and the Infringing Rug Design.

93.     Maryam Yaraghi, as the sole shareholder and corporate officer, directly benefits from the sale and display of the Infringing Rugs and the Infringing Rug Design through the Amazon storefront.

94.     Maryam Yaraghi, in her capacity as owner/operator of Decor Marche, had the right and ability to supervise Decor Marche's unlicensed copying, reproduction, distribution, display, and sale of the Infringing Rugs and the Infringing Rug Design.

95.     Maryam Yaraghi has an obvious and direct financial interest in Decor Marche's unlicensed copying, reproduction, distribution, display, and sale of the Infringing Rugs and the Infringing Rug Design.

96.     The Infringing Rugs and the Infringing Rug Design serves as a "draw" for customers on the Decor Marche Amazon Storefront by virtue of its high-quality artistry and aesthetics derived from the Subject Work.

97.     To the extent that Maryam Yaraghi was unaware of what content, products, materials, etc., were published on her Amazon Storefront, Maryam Yaraghi was therefore willfully blind to the existence of the Infringing Rug Design and Infringing Rugs on the Decor Marche Amazon Storefront.

98.     As a result of the acts of infringement, Maryam Yaraghi received revenue she would not have otherwise received.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment against Defendants, and each of them, as follows:

A.  that the Court enter judgment against Defendants setting forth that Defendants have willfully infringed Plaintiff's federally registered copyrights to the Subject Work as contemplated by 17 U.S.C. §504(c)(2);

B.  alternatively, that the Court enter judgment against Defendants setting forth that Defendants have infringed Plaintiff's federally registered copyright to the Subject Work, pursuant to 17 U.S.C. § 501;

C.  that Defendants and their respective agents, officers and servants be enjoined from importing, manufacturing, distributing, displaying, offering for sale, selling or otherwise trafficking in any materials that infringe Plaintiff's copyrights in and to the Subject Work;

D.  impounding all unauthorized material that bears infringing copies of the Subject Work in the possession or control of Defendants pursuant to 17 U.S.C. §503(a)(1)(A), and ordering destruction of all unauthorized material bearing the Subject Work, pursuant to 17 U.S.C. §503(b);

E.  that Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages for willful infringement as available under 17 U.S.C. § 504(c);

F.  that Plaintiff be awarded her attorneys' fees as available under 17 U.S.C. § 504(c) or other applicable statute;

G.  that Plaintiff be awarded pre- and post-judgment interest as allowed by law;

H.  that Plaintiff be awarded the costs of this action; and

I.    that Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE PURSUANT TO FED. R. CIV. P. 38 AND THE 7TH AMENDMENT TO THE UNITED STATES CONSTITUTION.

Respectfully submitted,

Date:  November 22, 2023

By:    */s/ Dmitry Lapin*
Dmitry Lapin, Esq.
Axenfeld Law Group, LLC
2001 Market Street Suite 2500
Philadelphia, PA 19103
dmitry@axenfeldlaw.com
917-979-4570

*Attorney for Plaintiff  Jacqueline Maldonado*